JOHN BRUGGEMANN v. JOHN WAGENER.

May 20, 1898.

Nos. 11,193—(62).

**Conveyance in Fraud of Creditors—No Change of Possession—Fraud a Question for Jury.**

Upon the evidence produced on the trial of this cause it cannot be held, as a matter of law, that a sale and transfer of personal property therein involved was fraudulent and void as to the vendor's creditors.

Action by John Bruggemann, as special administrator of the estate of Martin Bruggemann, deceased, in the district court for Ramsey county. From an order, Brill, J., denying a motion for a new trial, defendant appealed. Affirmed.

*George R. Robinson* and *Chas. J. Berryhill*, for appellant.

*John V. I. Dodd*, for respondent.

COLLINS, J.

Action in claim and delivery against a sheriff who had levied upon the property in question as belonging to one Minea, the judgment debtor named in an execution placed in the sheriff's hands for service.

The facts admitted or established on the trial were that Minea was in the grocery business, and, finding himself insolvent, entered into a composition agreement with all of his then existing creditors except Robinson, the judgment creditor, and one Bruggemann, to whom he owed a large sum of money, whereby he agreed to pay, and the creditors agreed to accept, 30 cents on the dollar in full settlement of their claims. To raise the money with which to pay his creditors, Minea sold his stock of goods and store fixtures to Bruggemann, since deceased, delivering to him a bill of sale of the property of date March 15, 1895. On the same day a written agreement was entered into between Minea and Bruggemann whereby the former was constituted manager of the business at a stipulated salary of $100 per month, and at the end of one year the excess of profits over and above $1,200 was to be equally divided

between said persons. At the end of the year this agreement was renewed and continued for two years.

The levy was made on a part of the goods and fixtures in January, 1897. Minea was then, and had been, in possession, claiming to be the manager of the store, from the day the bill of sale was made. This instrument was filed at once in the office of the clerk of the city in which the parties resided and the goods were. Bruggemann furnished the money needed to pay the creditors in accordance with the terms of the agreement, and it was not shown or suggested that the sum stipulated as a consideration for the sale was inadequate.

At this time Robinson had brought an action against a firm of which Minea was a member, but with the business of which he was not actively connected, to recover about $112, which he claimed was due on account of the rent of a building owned by him and occupied by the firm. It is admitted that rent had been paid up to the time the firm moved out, and that the claim was for rent which Robinson insisted had subsequently accrued. From the evidence in the case it is apparent that Minea had good reason to believe that the firm was not indebted on account of rent, and that Robinson could not recover. The action mentioned was afterwards dismissed, and was then recommenced, and a judgment in Robinson's favor was duly rendered for about $190. The execution before mentioned was issued upon said judgment.

When the evidence was all in, counsel for defendant sheriff moved the court to direct the jury to return a verdict in favor of their client, and the principal question under the assignments of error arises out of the refusal to so direct. In its charge the court submitted the bona fides of the sale to the jury in a clear and impartial manner, no exception being taken, and plaintiff had a verdict. This appeal is from an order denying defendant's motion for a new trial.

Counsel for defendant sheriff contend—taking together the bill of sale and the agreement (a part of the same transaction) by which Minea was made manager of the business, and the evidence, from which it appears indisputably that there was no actual change of possession, but that Minea remained in sole charge—that the al-

leged sale and transfer from Minea to Bruggemann was fraudulent and void as to all of Minea's creditors who did not assent to it, and especially as to Robinson, who was then one of his creditors, and afterwards obtained a judgment against him as a member of the firm before mentioned. We cannot agree with counsel, but, upon all of the facts, are of the opinion that the question of fraud was properly submitted to the jury.

The sale to Bruggemann was made for the express purpose of paying all of the creditors except Bruggemann himself and Robinson, and, as before stated, Minea had reason to believe that the firm did not owe any rent whatsoever to Robinson. His partner, the active man of the firm, assured Minea that Robinson agreed that no further claim should be made for rent when payment was made for the time the building was actually occupied. The amount claimed to be due was not large, and was in controversy. If Bruggemann knew anything about the affair, we are justified in saying that his knowledge was simply that possessed by Minea; and the transaction was in no way concealed, but was open and above board. Minea had a right to sell his stock of goods, and Bruggemann had the right to purchase, there being no fraudulent intent on the part of either; and Bruggemann had the right to employ Minea as manager, providing it was no part of a scheme to defraud Minea's creditors. While there may have been suspicious circumstances surrounding the affair, tending to indicate a colorable transaction and a fraudulent intent to defeat the collection of Robinson's claim, we cannot so hold as a matter of law.

Order affirmed.